The next matter, number 24-1862, Scott Cannon v. Blue Cross and Blue Shield of Massachusetts, Inc. At this time, would counsel for the appellant please introduce himself on the record to begin? Thank you, Your Honor. Good morning. Louis Schneider. Louis Schneider on behalf of the appellant. Good morning. Good morning, Your Honors. I'd like to request two minutes for rebuttal, please. You may. Thank you. Your Honors, this is an appeal from the District Court's grant of summary judgment. Taking it back to some procedural issues that got this case started, this case didn't even begin in federal court. It began down in the state court in Massachusetts and was removed by the defendant at that time, which is the appellee, claiming that ERISA completely barred all of the plaintiff's claims. And then, notably, there was never an answer filed. No affirmative defenses were raised or any type of answer pled by the defendant. Instead, there was a motion dismissed filed. That motion dismissed was basically denied. And then the court ordered that the parties brief a motion for summary judgment on the issue of ERISA preemption. Of all of the appellant's claims. And as the briefing went through, there were two issues that were raised to create the defense of ERISA preemption that were presented to the District Court. Preemption under 29 U.S.C. 1144 and preemption under 29 U.S.C. 1132. And the appellee argued to the District Court that both of those statutes preempted all of the appellant's claims. However, the appellant thus said, no, they don't. Actually, take a look at the specific wrongful death claim that we're alleging here. Look at the wrongful death statute. Then look at the specific language under 29 U.S.C. 1132. In our Turner case, we basically held that wrongful death actions arising out of a claim for denial of ERISA benefits are preempted. As I understand it, you're arguing Rutledge somehow, the Supreme Court decision in Rutledge somehow changes that. That's argument number one. Argument number two is further, if you look at whether the claim is related to and would require a reading of the ERISA benefits provisions, it would. So the District Court covers both of the claims of preemption. So why isn't that correct? Start with Turner. So if you start with Turner, Turner is obviously pre-Rutledge. And the analysis under Rutledge is the analysis of preemption under 29 U.S.C. 1144. And that is statutory preemption. ERISA contains a statutory preemption clause on 29 U.S.C. 1144 that says if there's a statute that relates to things that are covered by ERISA or is intertwined with ERISA, that statute is not, that statute, you can't have any state statute that conflicts with ERISA like that. And Rutledge in 2020, the United States Supreme Court defined that farther and said this is what that means. And it's not every single statute, but the statute has to focus on something that ERISA does, the statute itself. And if you look at Massachusetts' wrongful death statute, which is what the appellee claims in this case, and the Turner court claimed pre-Rutledge would have been, you know, essentially preempted by that statute. The wrongful death statute as a matter of Massachusetts law is derivative of the claims that the decedent could have brought. The claims that the decedent could have brought here are barred by ERISA. How does Rutledge affect that? Those are two separate issues, Your Honor. And the issue is the derivative nature of the claims under the wrongful death statute, okay? That gets into more of an 1132 analysis. Under 1144, if the district court is going to say 1144 preempts this statute in its entirety, the district court is wrong based on the Supreme Court's hoarding in Rutledge. Instead, if we're going to focus on the preemption analysis under 1132, 1132 basically says here are the, you know, five or six different types of remedies that you have under an ERISA claim, and this is all you get as a beneficiary or participant. Our argument, which was never made in the Turner case and never addressed by the Turner case, is that my client is neither a participant nor a beneficiary. The participant and beneficiary was Blase Cannon. Blase Cannon died because the insurance company didn't approve his inhaler as alleged in the complaint. So 1132 doesn't apply. And then if you go back to the analysis that needs to be done by a court. I'm sorry. Go ahead. You can only bring a wrongful death action on behalf of the decedent. The decedent was a beneficiary of ERISA, correct? Yes. Blase Cannon was a beneficiary under the plan. Yes. Okay. Now, the analysis of whether or not the estate's claims are derivative, that was not specifically done by the district court. If you take a look at the footnote in the district court's decision, the district court said we don't even need to look at that. We don't even need to look at the issue of whether or not this claim is derivative of the beneficiary's claim. Notably, the definition.  Go ahead. I'm just trying to understand. Is your argument a wrongful death claim is not derivative of the decedent? I thought state law was quite clear that it is. Well, this circuit court actually sent that over on an issue with regard to arbitration. However, that was a defense that was properly raised in that case. And that holding was limited to the issue of arbitration. Now, there's a later Massachusetts Supreme Court decision that came out that said if, you know, the statutory limitations for the beneficiary has already expired, then that's that. No court, no court in the First Circuit, no court in Massachusetts, no court in actually the United States has addressed the specific issue of whether or not the preemption defense under 1132 applies to wrongful death claimants, which is what my client is. My client is a wrongful death claimant. Scott Cannon has statutory authority under the Massachusetts wrongful death statute. He basically, you know, the claims that could have been brought, whatever they were, by... This is peculiar, though, and not consistent with what we're trying to achieve. I mean, the purpose of this whole thing is to say that the negligence is the failure to pay for the inhaler, right? That is the underlying negligence that you allege causes the death. Yes? That's part of it. That it's not as straightforward as that. The issue is, you know, what decisions were made by the insurance company to cover... About what to cover and not cover. Yeah. Your argument is, I mean, like Aetna Health, to me at least, versus Davila, seem to be similar to this case, and you're saying the only difference is that the money at the end of the case, if there were to be money, would go to another person? I mean, because the core of it is still that we're trying to get money, damages, for a decision made by an ERISA plan about how and when to offer this inhaler, and that seems to be what 1132 is discussing, which is, well, we don't want lawsuits like that. We only want you to get the suite of remedies that we've put there, which is to get paid for the service you didn't get. And so I don't really follow this argument as to why it matters, whether it's derivative or not. Right. Well, I would somewhat agree with you, and the reason being is because had Congress, actual Congress, actually intended that, to cut off wrongful death beneficiaries from bringing these types of claims. Had they had that specific intent, they would have used that specific plan. And VILA says, well, we're going to cut off sort of basics, or I understand it to be sort of like the Texas reasonable care that should be provided, and we're going to cut that off. And it's also a claim to get the benefits, and they say, well, we're going to cut that off because you're trying to get damages outside of the ERISA scheme, and that's what this lawsuit's doing. And so I guess just what is the difference that makes this distinction you're raising important? The difference and the distinction that's important in this case is in the VILA, two things. Number one, the statute in that case actually dealt with issues related to insurance claims. That's number one. Number two, in the VILA, that was actually two cases that the Supreme Court took up for two people. Both those plaintiffs were alive. The difference in this case, and it's the most important, most critical difference, is that Blaise Cannon is dead. And when he dies, his status as a participant, his status as a beneficiary goes poof and goes away. And the issue of whether or not he could bring a claim under the Massachusetts wrongful death statute as a derivative claim or a direct claim or whatever, Scott Cannon, that issue was not even addressed by the district court in this case. Instead, the district court did an incorrect, a completely incorrect analysis, didn't address Rutledge under 1144, and didn't address the specific issue that I raised in the district court, and then I specifically addressed in this court, which is under 1132, it has specific definitions of what participants are and what beneficiaries are. And I'm sure this court has read lots of definitions of claimants and beneficiaries and all that throughout its time on the bench. And, you know, some of them say, hey, you know, a participant is a person, the executor, you know, the heirs, those types of things. The ERISA statute doesn't have that. 1132, it basically references participants and beneficiaries and other classes of people that can bring claims, you know, the attorney general and other things like that. It's not important here. That part, what is important is participants and beneficiaries. And if you go back and look at the actual text that Congress wrote in as to what is a participant and what is a beneficiary, it doesn't include heirs, it doesn't include the executors, it doesn't include people who are assigned that. The only people that can bring those claims and also the only people that are bound by those claims are participants and beneficiaries. Now, you can sue an insurance company. My client could have, Scott Cannon or Blaze Cannon could have sued Blue Cross and Blue Shield of Massachusetts for, you know, improper denial of an insurance claim under state law. They would have argued at that point it was preempted. Okay, that's an affirmative defense. That affirmative defense is affirmatively pled, and then the issue of the derivative nature, not the derivative nature of that claim, the issue of whether or not his status as a participant or beneficiary isn't analyzed then. However, when he dies, it's a completely different analysis that this district court didn't do, this district court ignored, even though they were the ones that raised this issue through a motion for summary judgment even before they filed an answer. I guess I follow everything you said, except, and so it comes down to what's a definitive beneficiary. As a policy matter, does that make sense? Like you're saying, well, if it's a negligence claim, it's preempted, but if they die, it's still a negligence claim, but they're not alive anymore. That makes everything different. And does that make any sense in light of what this thing seems to be trying to achieve, which is to not have extra damages beyond the limited suite that 1132 provides? May I answer? Yes, it does make sense because had Congress intended that that limitation be put on there for people who get killed because their insurance company makes a bad decision about whether or not you need an inhaler, Congress could have done so. Congress could have done so for the past 50 years that this thing has been put into place, and they didn't. Okay. We have it. Thank you. I get it. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? Good morning, Your Honors. May it please the Court, Brooks McGrath for the Appellee Blue Cross Blue Shield of Massachusetts. The appellee's position is that Turner does control the outcome of this case. The Court has already decided these issues in Turner. In fact, in Hampers, Harris, and Turner, this Court has developed a two-stage test for preemption. Number one, are we dealing with an ERISA plan? And here the parties agree, yes, we're dealing with an ERISA plan. The second question is, can this claim be adjudicated without reference to the plan? And the answer is no, it cannot. What is this wrongful death claim that the plaintiff attempts to bring? It is grounded in the principle of negligence, negligence by Blue Cross Blue Shield. What is negligence? It is breach of duty. How do we determine what the duty was that was allegedly breached? We must look to the plan. Duty is defined nowhere else but in the plan. This is not a case about whether a state law that may impact the cost structure of ERISA plans is preemptive or not. That is Rutledge, and the cases that follow Rutledge are looking at state laws and whether or not they have an indirect plan on the cost structure. They do not address the question here, and that is whether a specific claim made under a specific plan for a specific benefit is preempted. And there's nothing at Rutledge that changes Turner, Hampers, or Harris, which are the controlling precedents of this court on this matter. Thank you, counsel. Thank you. Thank you, counsel. Counsel for the appellee has a two-minute rebuttal. All three of those cases were decided pre-Rutledge. Rutledge does control this court. If this court does the analysis under Rutledge the way that the Supreme Court has stated you need to do an analysis under 29 USC 1144, Massachusetts wrongful death statute is not preempted under 29 USC 1144. It doesn't have anything at all to do with health insurance claims. It is not. Are you saying Rutledge has eliminated our two-part test under Turner? Yes. And it's no longer permissible? That's your argument? Under Rutledge, the Rutledge court is clear under a 29 USC 1144 analysis. The question required a yes or no answer.  Okay. Thank you. Thank you. Thank you, counsel. Do we have a minute? Yes, still one more minute. So, yes, to follow that. Under 29 USC 1144, follow Rutledge. Do the analysis that Rutledge requires. That preempt analysis does not apply here. Under 1132, my client is not a participant. My client is not a beneficiary. The district court didn't do the correct analysis. Please send this case back down to the district court with the instructions that the correct analysis be done. Thank you. Thank you, counsel. That concludes argument in this case.